AARON M. CLEFTON, Esq.  (SBN 318680)
PAUL L. REIN, Esq. (SBN 43053)
REIN & CLEFTON, Attorneys at Law
200 Lakeside Drive, Suite A
Oakland, CA  94612
Telephone:  510/832-5001
Facsimile:   510/832-4787
info@reincleftonlaw.com

Attorneys for Plaintiff
ANITA MONTOYA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANITA MONTOYA,<br><br>Plaintiff,<br><br>v.<br><br>AMML CORPORATION dba COMFORT SUITES; YOUN KYU CHANG; MIJUNG CHANG.<br><br>Defendants. | CASE NO. 5:22-cv-00279<br><u>Civil Rights</u><br><br>**COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES: DENIAL OF CIVIL RIGHTS AND ACCESS TO PUBLIC FACILITIES TO PHYSICALLY DISABLED PERSONS, PER FEDERAL AND CALIFORNIA STATUTES (including CIVIL CODE §§ 51, 52, 54, 54.1, 54.3 and 55; and HEALTH & SAFETY CODE §§ 19953 *et seq.)*; INJUNCTIVE RELIEF PER TITLE III, AMERICANS WITH DISABILITIES ACT OF 1990 (including 42 USC §§ 12181 *et seq.*)**<br><br><u>DEMAND FOR JURY TRIAL</u> |

Plaintiff ANITA MONTOYA complains of Defendants AMML CORPORATION dba COMFORT SUITES; YOUN KYU CHANG; MIJUNG CHANG, and alleges as follows:

1.    **INTRODUCTION:**  Plaintiff, a woman with a mobility disability, planned to attend a memorial service celebrating the life of her brother who had died the previous year.  She made reservations for her stay at Defendant's hotel.  Her grieving process was frustrated and interrupted by several barriers to access for disabled persons at the hotel owned and operated by the Defendants during her trip to Ontario, California.  Despite reserving and calling to confirm her reservation of an accessible room with a roll-in shower, Plaintiff was provided a room with very few accessible features.  There was a bathtub rather than a roll-in shower, and the hotel

1

refused to provide her with any sort of shower chair.  As a result, Plaintiff was unable to bathe during her two-day stay at the hotel, including prior to her brother's memorial service.

2.      Plaintiff complained to the hotel about the conditions during her stay and afterward in a customer survey that Defendants sent her. Upon being personally contact by Defendants, she told them that she had decided to contact an attorney before she made any further decisions about the issues.  In retaliation to her asserting her right to counsel, Defendants responded by threatening her with financial ruin and attorney fees against her if she did not resolve the matter informally and immediately without an attorney or lawsuit. This Complaint followed.  This is Plaintiff's first and only disabled access lawsuit.

3.      Defendants denied Plaintiff ANITA MONTOYA accessible public facilities, including denying accessible entrances, check-in counters, roll-in showers, and other accessible room amenities to Plaintiff and, on information and belief continue to deny accessible facilities to Plaintiff and other similarly disabled persons at the Comfort Suites located at 1811 E. Holt Boulevard, Ontario, California.  Plaintiff ANITA MONTOYA is a "person with a disability" or "physically handicapped person" with a mobility disability and is unable to use portions of public facilities which are not accessible to mobility disabled persons.

4.      On or about November 12, 2021, and November 13, 2021, Plaintiff was denied her rights to full and equal access at the Comfort Suites, and she was denied her civil rights under both Federal and State law. She continues to have her rights denied because these facilities were not, and are not now, properly accessible to physically disabled persons.  However, Plaintiff plans to and intends to return to use the Comfort Suites again once their features complained of herein have been made accessible, and Defendants' architectural and policy barriers to access have been removed.

5.      Plaintiff seeks injunctive relief to require Defendants to make these facilities accessible to disabled persons and to ensure that any disabled person who attempts to patronize the subject premises will be provided accessible facilities.  Plaintiff also seeks recovery of damages for her discriminatory experiences and denial of access and of civil rights, which denial is continuing as a result of Defendants' failure to provide disabled accessible facilities.  Plaintiff

also seeks recovery of reasonable statutory attorney fees, litigation expenses and costs, under federal and state law.

6.  **JURISDICTION:**  This Court has jurisdiction of this action pursuant to 28 USC section 1331 for violations of the Americans with Disabilities Act of 1990, 42 USC sections 12101 *et seq*.  Pursuant to pendant jurisdiction, attendant and related causes of action arising from the same facts are also brought under California law, including but not limited to violations of Health & Safety Code sections 19953-19959; California Civil Code sections 51, 52, 54, 54.1, 54.3 and 55; and Title 24 California Code of Regulations, the California State Building Code.

7.  **VENUE:**  Venue is proper in this court pursuant to 28 USC section 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's causes of action arose in this district.

8.  **INTRADISTRICT:**  This case should be assigned to Eastern Division as the real property which is the subject of this action is located in this intradistrict and Plaintiff's causes of action arose in this intradistrict.

9.  **PARTIES:**  Plaintiff Anita Montoya is a "person with a disability" or "physically handicapped person." Plaintiff was diagnosed with Multiple Sclerosis in 1999, and although she can stand for short periods of time, Plaintiff relies on a motorized wheelchair for locomotion. Plaintiff is unable to use portions of public facilities which are not accessible to mobility disabled persons, including those who require the use of a wheelchair.  Plaintiff Anita Montoya is entitled by permit from the State of California to park any vehicle which she drives or is transported in, in a designated and properly configured disabled accessible parking space.  Plaintiff requires parking places which are properly disabled accessible, and which are located on an accessible path of travel and as close as possible to the public entryways to public facilities where she recreates and/or conducts business.

10.  Defendants AMML CORPORATION dba COMFORT SUITES; YOUN KYU CHANG; MIJUNG CHANG, are and were the owners, operators, lessors and/or lessees of the subject business, property and building at all times relevant to this Complaint, a 100-room hotel

3

1    located at 1811 E. Holt Boulevard, Ontario, California, known as the Comfort Suites.

2           11.     The Comfort Suites is a place of "public accommodation and business

3    establishment" subject to the requirements of multiple categories of 42 USC section 12181(7) of

4    the Americans with Disabilities Act of 1990, of California Health & Safety Code sections 19953

5    *et seq.*, of California Civil Code sections 51 *et seq.*, and of California Civil Code sections 54 *et*

6    *seq.*  On information and belief, the Comfort Suites and their facilities, including adjacent parking

7    areas, were constructed after July 1, 1970, and since then have also undergone construction and/or

8    "alterations, structural repairs, or additions," subjecting each such facility to disabled access

9    requirements per Health & Safety Code sections 19955-19959 *et seq.*, and, as to construction

10   and/or alterations since January 26, 1993, to the disabled access requirements of section 12183 of

11   the Americans with Disabilities Act of 1990.  Such facilities constructed or altered since 1982 are

12   also subject to "Title 24," the California State Architect's Regulations, also known as the

13   California Building Code.  Further, irrespective of the alteration history, such premises are

14   subject to the "readily achievable" barrier removal requirements of Title III of the Americans

15   With Disabilities Act of 1990, as defined by the ADA. 42 USC § 12181(9).

16                                   **FIRST CAUSE OF ACTION:**
                                **DAMAGES AND INJUNCTIVE RELIEF**
17              **FOR DENIAL OF FULL AND EQUAL ACCESS TO PUBLIC FACILITIES IN A**
                                       **PUBLIC ACCOMMODATION**
18                  **(California Health & Safety Code §§ 19955 *et seq.*, Civil Code §§ 54 *et seq.*)**

19          12.     Plaintiff repleads and incorporates by reference, as if fully set forth again herein,

20   the factual allegations contained in Paragraphs 1 through 11, above, and incorporates them herein

21   by reference as if separately repled hereafter.

22          13.     Plaintiff ANITA MONTOYA and other similarly situated physically disabled

23   persons, including those who require the use of an assistive device for mobility, are unable to use

24   public facilities on a "full and equal" basis unless each such facility is in compliance with the

25   provisions of California Health & Safety Code sections 19955 -19959.  Plaintiff is a member of

26   that portion of the public whose rights are protected by the provisions of Health & Safety Code

27   sections 19955 *et seq.*  Further, Plaintiff is also protected against policy and architectural barrier

28   discrimination by California Civil Code sections 54 and 54.1, the "Disabled Persons Act."

4

"Individuals with disabilities or medical conditions have the same right as the general public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, public facilities, and other public places." Civil Code § 54(a). Furthermore, "Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, . . . places of public accommodation, amusement, or resort, and other places to which the general public is invited." Civil Code § 54.1(a). Additionally, any violation of the ADA, including but not limited to any violation of 42 USC sections 12182 and 12183, is also incorporated as a violation of the Disabled Persons Act. Civil Code §§ 54(c), and 54.1(d).

14. On information and belief, the provisions of both Health and Safety Code sections 19955 and 19955.5, apply to the subject facilities. Health & Safety Code sections 19955 and 19955.5 were each enacted "[t]o ensure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with Section 4450) of Division 5 of Title 1 of the Government Code."

15. Title 24, California Code of Regulations, formerly known as the California Administrative Code and also known as the "State Architect's Regulations," was in effect at the time of each alteration which, on information and belief, occurred at such public facility since January 1, 1982, thus requiring access complying with the specifications of Title 24 whenever each such "alteration, structural repair or addition" was carried out. On information and belief, Defendants and/or one or more of their predecessors in interest carried out new construction and/or alterations, structural repairs, and/or additions to such buildings and facilities during the period Title 24 has been in effect. Further, Plaintiff alleges, on information and belief, that construction, alterations, structural repairs, and/or additions which triggered access requirements at all relevant portions of the Comfort Suites, also occurred between July 1, 1970, and December 31, 1981, and required access pursuant to the A.S.A. (American Standards Association) Regulations then in effect, pursuant to the incorporated provisions of California Government Code sections 4450 *et seq*. Further, on information and belief, alterations to the building after the initial construction also occurred after January 1, 1972, triggering access requirements pursuant to

5

Health and Safety Code section 19959, and as to any alterations or additions after January 26, 1993, triggering access requirements pursuant to ADA requirements specified in 42 USC sections 12182 and 12183.

16.    **FACTUAL STATEMENT**:   Plaintiff's brother was a victim of the Covid-19 pandemic. After a grueling seven-week battle with the illness, he passed away on November 13, 2020. Plaintiff and her family were devastated, but due to the dangers of traveling and gathering in large numbers at the height of the pandemic, her family decided to delay the memorial service until everyone could gather safely to celebrate her brother's life.  They planned the memorial service for the one-year anniversary of her brother's death, on November 13, 2021, in Ontario, California.

17.    Plaintiff made plans to travel from her home in Northern California to Southern California to attend the service with her husband and adult daughter.  The event was the first time her large extended family had gathered together since the beginning of the pandemic, and although it was for a sad event, Plaintiff was looking forward to seeing many members of her family that she had not seen in over two years.

18.    Plaintiff researched hotels to stay in near Ontario on the internet, and she found the Comfort Suites located at 1811 E. Holt Boulevard, Ontario, California.  The hotel looked conveniently located to the homes of her family in Southern California, and the hotel's website advertised mobility accessible guest rooms. Plaintiff does not like to make reservations online because she has found that she is more likely to receive a guest room with the mobility features she requires if she speaks directly with reservation agent at the hotel. On November 5, 2021, Plaintiff called the Comfort Suites to reserve a mobility accessible guest room.  She spoke with an employee to make her reservation. Plaintiff informed the employee that she is in a wheelchair and needs certain mobility features in order to stay in a hotel guest room.  Plaintiff requested a mobility accessible room on first floor of the hotel with a roll-in shower.  Defendants' employee confirmed that Plaintiff would have a first-floor room with a roll-in shower for the nights of November 12, 2021, and November 13, 2021.

19.    After Plaintiff reserved her room at the Comfort Suites, she told a few other close

family members where she was staying so that they could reserve rooms at the same hotel, and as a result many members of her family decided to stay at the Comfort Suites as well.

20.     On November 12, 2021, Plaintiff flew to the Los Angeles area with her husband and daughter.  Their plan was to check-in to the Comfort Suites as soon as possible, freshen up from their travels, and meet family for dinner. The group drove to the Comfort Suites, and they arrived at the hotel around 3:30 pm.  They parked their car in a designated accessible parking space so that Plaintiff could be as close to the entrance as possible.

21.     Plaintiff wheeled up to the lobby entrance of Comfort Suites in her wheelchair but found that she was unable to enter the lobby independently because the door was too heavy, so her husband held the door open for her to enter the lobby.  Once inside, Plaintiff approached the front desk in order to check into her room.  There was no lowered section of the lobby desk for Plaintiff to check-in, so she had to look and reach up in order to communicate with the staff behind the counter. It made conducting business more difficult and demeaning, but Plaintiff was able to check-in to her room.

22.     The front desk employee informed Plaintiff that she would be staying in room 304 which she described as a mobility accessible room with a king bed on the third floor.  Plaintiff was disappointed that she had not received the first-floor room that she had requested, but she left the check-in desk and proceeded to her room without complaining, assuming the other features she requested would be present.

23.     Plaintiff took the elevator up to the third floor and located her room. When she attempted to enter the room independently, Plaintiff noticed that the room door was heavy and closed too quickly for her to actually enter the room without the door hitting her. She knew that she would have to ask her husband to hold the door open for her whenever she wanted to enter or exit the room.  At this point, Plaintiff decided to investigate the rest of the room to ensure that it was an accessible room with the features she had requested when she made her reservation.

24.     Plaintiff found that the location of the bathroom door was such that there was not enough space for her to independently open the door from the outside of the bathroom.  She also saw that there was a bathtub rather than a roll-in shower in the bathroom.  A roll-in shower is

essential for Plaintiff to fully and equally use and have access to Defendant's showering services because they allow her to bathe independently.  Plaintiff also saw that although the bathtub had grab bars in the tub area, there was no seat.  Also, the mount for the shower head was out of her reach, making use of the supposedly accessible tub impossible for her.  Additionally, the mirror over the sink was too high.  This meant she could not properly apply makeup and adjust her appearance for the memorial service. The sink was also difficult for her to use independently because of its configuration.

25.     Plaintiff called the front desk to discuss the issues she had encountered in the room, but the front desk employee informed Plaintiff that they did not have another accessible room to move her to. Plaintiff was very disappointed, but she did not want to change hotels because many of her close family members were staying at the Comfort Suites with her. Defendants presented an impossible choice between wanting to be near her family during this emotionally draining time and the having accessibility features she deserved.  Plaintiff freshened up as much as possible, and she went out to dinner with her family as she had planned.

26.     When Plaintiff returned from dinner it was late, and although she wanted to take a shower to clean up after a long day of traveling, she could not do so due to the lack of a roll-in shower and shower seat in the bathtub area.

27.     The next morning, Plaintiff desperately wanted to bathe prior to attending her brother's memorial service. She examined the bathtub again, and she thought that with her husband's assistance she might be able to shower if the hotel could provide her with a portable shower chair.  Portable chairs violate ADA standards, and present a danger of falling to disabled persons, however, Plaintiff felt she had little choice to avoid the embarrassment of smelling badly at the memorial after her travels. Plaintiff's husband called the front desk and asked if they had a shower seat that Plaintiff could use.  The front desk told Plaintiff's husband that they would bring a shower chair up to their room. After waiting for an hour without receiving the shower chair Plaintiff asked her husband to go down to the front desk to get the chair himself.

28.     Plaintiff's husband went down to the front desk to ask for a shower chair again. The employee at the front desk told him that they would provide one to him if he waited a

moment and then the employee left.  Plaintiff's husband waited for 20 minutes, but Defendants'

employee did not return.  Plaintiff's husband went looking for another of Defendants' employee,

and after he finally found someone to assist him, the employee told Plaintiff's husband that he

would go get the shower chair.  However, when the employee returned, he informed Plaintiff's

husband that the only shower seat they had was apparently in use and that hotel would not be able

to provide one for Plaintiff.

29.    When Plaintiff's husband returned without a shower seat, Plaintiff was very

frustrated and disappointed.  She determined that she would not be able to take a shower during

her stay because it was simply too dangerous for her to attempt to shower while standing.

Plaintiff was particularly upset because she would not be able to clean herself prior to attending

her brother's memorial service. She felt embarrassed and uncomfortable to be at the family event

without being able to able to bathe. Additionally, Plaintiff was unable to use the bathroom mirror

to get ready due to the excessive height. She had to use a much smaller mirror that she had

brought from home to apply her makeup and style her hair.

30.    Plaintiff attended the memorial service for her brother and spent time with her

family on the last day of her trip.  She tried to spend as much time outside of her hotel room

because the barriers to access made it difficult for her to be comfortable in the room.  Plaintiff and

her husband checked out of the hotel on November 14, 2021, and they flew home.

31.    Plaintiff was extremely disappointed and hurt by her experience at the Comfort

Suites.  The barriers to access at the hotel, especially the lack of an accessible shower, caused her

significant difficulty, discomfort, and embarrassment.  Her stay at the Comfort Suites made an

already difficult time in her life even more horrid.

32.    After her stay, Plaintiff received an invitation to provide customer feedback.

Plaintiff wrote her complaints about what had happened on the survey.  Defendants and Plaintiff

exchanged email about the issues.  On November 24, 2021, Defendant emailed Plaintiff thanking

her for submitting her survey.  Plaintiff responded the same day indicating that she would be

speaking to an attorney.  Between that day and December 10, 2021, Defendants called Plaintiff

and in a harassing manner attempted to dissuade her from seeking legal advice.  On or about

9

1  December 10, 2021, Defendants called Plaintiff and threatened that if Plaintiff were to take legal

2  action, she would lose and would be responsible for paying Defendants' attorney fees in direct

3  retaliation for Plaintiff desire to seek legal counsel and assert her rights under the ADA.  42 USC

4  § 12203; 28 CFR § 36.206.  Undeterred but upset by the coercion, Plaintiff found counsel and

5  filed suit.

6         33.    These barriers to access are listed without prejudice to Plaintiff citing additional

7  barriers to access by an amended complaint after inspection by Plaintiff's access consultant

8  pursuant to Fed. R. Civ. P. 34. *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903 (9th Cir. 2011);

9  *Doran v. 7-Eleven, Inc.* 524 F.3d 1034 (9th Cir. 2008); *Chapman v. Pier One Imports (USA), Inc.*,

10 631 F.3d 939 (9th Cir. 2011).  All of these barriers to access render the premises inaccessible to

11 physically disabled persons who are mobility impaired, such as Plaintiff, and are barriers Plaintiff

12 may encounter when she returns to the premises.  All facilities must be brought into compliance

13 with all applicable federal and state code requirements, according to proof.

14        34.    Further, each and every violation of the Americans with Disabilities Act of 1990

15 also constitutes a separate and distinct violation of California Civil Code section 54(c) and

16 54.1(d), thus independently justifying an award of damages and injunctive relief pursuant to

17 California law, including but not limited to Civil Code sections 54.3 and 55.

18        35.    **INJUNCTIVE RELIEF:**  Plaintiff seeks injunctive relief to prohibit the acts and

19 omissions of Defendants as complained of herein which are continuing and which have the effect

20 of wrongfully excluding Plaintiff and other members of the public who are physically disabled

21 from full and equal access to these public facilities.  Such acts and omissions are the cause of

22 humiliation and mental and emotional suffering of Plaintiff in that these actions continue to treat

23 Plaintiff as an inferior and second-class citizen and serve to discriminate against her on the sole

24 basis that she is a person with disabilities.

25        36.    Plaintiff is deterred from returning to use these facilities, because the lack of

26 access will foreseeably cause her further difficulty, discomfort and embarrassment, and Plaintiff

27 is unable, so long as such acts and omissions of Defendants continue, to achieve equal access to

28 and use of these public facilities.  Therefore, Plaintiff cannot return to use the Comfort Suites and

1   its facilities and is deterred from further patronage until these facilities are made properly

2   accessible for disabled persons, including Plaintiff.  Plaintiff contends that she visits the Ontario

3   area often to visit her family, and would like to continue to do so in the future.  Further, if the

4   Comfort Suites is made accessible, she intends to stay there again as the hotel is conveniently

5   located.  Thus, she alleges that she intends to return to the Comfort Suites once legally required

6   access has been provided.

7            37.      The acts of Defendants have proximately caused and will continue to cause

8   irreparable injury to Plaintiff if not enjoined by this Court.  Plaintiff seeks injunctive relief as to

9   all inaccessible areas of the premises that she has personally encountered, and, as to all areas

10   identified during this litigation by Plaintiff or her access consultant, that she or other physically

11   disabled persons may encounter in the future. *Doran v. 7-Eleven, Inc.,* 524 F.3d 1034 (9th Cir.

12   2008); *Chapman v. Pier One Imports (USA), Inc.*, 631 F. 3d 939 (9th Cir. 2011); *Oliver v. Ralphs*

13   *Grocery* Co., 654 F.3d 903 (9th Cir. 2011).  As to such facilities, Plaintiff prays leave to amend

14   this complaint to obtain any additional needed injunctive relief.  As to the Defendants that

15   currently own, operate, and/or lease (from or to) the subject premises, Plaintiff seeks preliminary

16   and permanent injunctive relief to enjoin and eliminate the discriminatory practices and barriers

17   that deny full and equal access for disabled persons, and for reasonable statutory attorney fees,

18   litigation expenses and costs.

19            38.      Wherefore Plaintiff asks this Court to preliminarily and permanently enjoin any

20   continuing refusal by Defendants to grant full and equal access to Plaintiff in the ways

21   complained of and to require Defendants to comply forthwith with the applicable statutory

22   requirements relating to access for disabled persons.  Such injunctive relief is provided by

23   California Health & Safety Code section 19953 and California Civil Code section 55, and other

24   law.  Plaintiff further requests that the Court award damages pursuant to Civil Code section 54.3

25   and other law and attorney fees, litigation expenses, and costs pursuant to Health & Safety Code

26   section 19953, Civil Code sections 54.3 and 55, Code of Civil Procedure section 1021.5 and other

27   law, all as hereinafter prayed for.

28            39.      **DAMAGES:**  As a result of the denial of full and equal access to the described

1    facilities and due to the acts and omissions of Defendants in owning, operating, leasing,

2    constructing, altering, misrepresentations in advertising, and maintaining the subject facilities,

3    Plaintiff has suffered violations of her civil rights, including but not limited to rights under

4    California Civil Code sections 54 and 54.1, and has suffered difficulty, discomfort and

5    embarrassment, and physical, mental and emotional personal injuries, all to her damages per Civil

6    Code section 54.3, including general and statutory damages, and treble damages, as hereinafter

7    stated.  Defendants' actions and omissions to act constitute discrimination against Plaintiff on the

8    basis that she was and is physically disabled and unable, because of the architectural and policy

9    barriers created and/or maintained by the Defendants in violation of the subject laws, to use the

10   public facilities on a full and equal basis as other persons.  The violations have deterred Plaintiff

11   from returning to attempt to patronize the Comfort Suites and will continue to cause her damages

12   each day this barrier discrimination continues.

13        40.    **FEES AND COSTS:**  As a result of Defendants' acts, omissions, and conduct,

14   Plaintiff has been required to incur attorney fees, litigation expenses, and costs as provided by

15   statute, in order to enforce Plaintiff's rights and to enforce provisions of the law protecting access

16   for disabled persons and prohibiting discrimination against disabled persons.  Plaintiff therefore

17   seeks recovery of all reasonable attorney fees, litigation expenses, and costs, pursuant to the

18   provisions of Civil Code sections 54.3 and 55, and California Health & Safety Code section

19   19953.  Additionally, Plaintiff's lawsuit is intended to require that Defendants make their

20   facilities accessible to all disabled members of the public, justifying "public interest" attorney

21   fees, litigation expenses and costs pursuant to the provisions of California Code of Civil

22   Procedure section 1021.5 and other applicable law.

23        WHEREFORE, Plaintiff prays for damages and injunctive relief as hereinafter stated.

24                          **SECOND CAUSE OF ACTION:**
     **VIOLATION OF CALIFORNIA LAW INCLUDING: THE UNRUH ACT, CIVIL CODE**
25   **SECTIONS 51 AND 52, AND THE AMERICANS WITH DISABILITIES ACT AS**
                              **INCORPORATED**
26                     **BY CIVIL CODE SECTION 51(f)**

27        41.    Plaintiff re-pleads and incorporates by reference, as if fully set forth hereafter, the

28   factual allegations contained in Paragraphs 1 through 40 of this Complaint and all paragraphs of

                                          12

1  the third cause of action, as pled infra, incorporates them herein as if separately re-pleaded.

2        42.    At all times relevant to this complaint, California Civil Code section 51 has

3  provided that physically disabled persons are free and equal citizens of the state, regardless of

4  medical condition or disability:

5
6  > All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, <u>disability, or medical condition</u> are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

7

8  Civil Code § 51(b). [Emphasis added.]

9        43.    California Civil Code section 52 provides that the discrimination by Defendants

10  against Plaintiff on the basis of her disability constitutes a violation of the general anti-

11  discrimination provisions of sections 51 and 52.

12        44.    Each Defendants' discrimination constitutes a separate and distinct violation of

13  California Civil Code section 52, which provides that:

14
15  > Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to section 51, 51.5, or 51.6 is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Section 51, 51.5, or 51.6.

16

17

18        45.    Any violation of the Americans with Disabilities Act of 1990 constitutes a

19  violation of California Civil Code section 51(f), thus independently justifying an award of

20  damages and injunctive relief pursuant to California law, including Civil Code section 52.  Per

21  Civil Code section 51(f), "A violation of the right of any individual under the Americans with

22  Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section."

23        46.    The actions and omissions of Defendants as herein alleged constitute a denial of

24  access to and use of the described public facilities by physically disabled persons within the

25  meaning of California Civil Code sections 51 and 52.  As a proximate result of Defendants'

26  action and omissions, Defendants have discriminated against Plaintiff in violation of Civil Code

27  sections 51 and 52, and are responsible for statutory, compensatory and treble damages to

28  Plaintiff, according to proof.

47.     **FEES AND COSTS:**  As a result of Defendants' acts, omissions and conduct, Plaintiff has been required to incur attorney fees, litigation expenses and costs as provided by statute in order to enforce Plaintiff's rights and to enforce provisions of the law protecting access for disabled persons and prohibiting discrimination against disabled persons.  Plaintiff therefore seeks recovery of all reasonable attorney fees, litigation expenses and costs pursuant to the provisions of California Civil Code sections 51 and 52.  Additionally, Plaintiff's lawsuit is intended to require that Defendants make its facilities and policies accessible to all disabled members of the public, justifying "public interest" attorney fees, litigation expenses and costs pursuant to the provisions of California Code of Civil Procedure section 1021.5 and other applicable law.

WHEREFORE, Plaintiff prays for damages and injunctive relief as hereinafter stated.

**THIRD CAUSE OF ACTION:**
**VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990**
**42 USC §§ 12101 *et seq.***

48.     Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 47 of this Complaint and incorporates them herein as if separately re-pleaded.

49.     In 1990 the United States Congress made findings that laws were needed to more fully protect "some 43,000,000 Americans [with] one or more physical or mental disabilities;" that "historically, society has tended to isolate and segregate individuals with disabilities;" that "such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;" that "the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals;" and that "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous..." 42 U.S.C. §12101.

50.     Plaintiff is a qualified individual with a disability as defined in the Rehabilitation Act and in the Americans with Disabilities Act of 1990.

14

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

51.     In passing the Americans with Disabilities Act of 1990 (hereinafter "ADA"), Congress stated as its purpose:

It is the purpose of this Act

(1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities;

(3) to ensure that the Federal Government plays a central role in enforcing the standards established in this Act on behalf of individuals with disabilities; and

(4) to invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 USC § 12101(b).

52.     As part of the ADA, Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (42 USC § 12181 *et seq.*).  The subject property and facility is one of the "private entities" which are considered "public accommodations" for purposes of this title, which includes any "hotel, motel or other place of lodging." 42 USC § 12181(7)(A).

53.     The ADA states that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation." 42 U.S.C. § 12182.  The specific prohibitions against discrimination include, but are not limited to the following:

§ 12182(b)(1)(A)(ii): "Participation in Unequal Benefit. - It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals."

§ 12182(b)(2)(A)(ii): "a failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities,

privileges, advantages, or accommodations to individuals with disabilities...;"

§ 12182(b)(2)(A)(iii): "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied service, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services...;"

§ 12182(b)(2)(A)(iv): "a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities... where such removal is readily achievable;"

§ 12182(b)(2)(A)(v): "where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable."

The acts and omissions of Defendants set forth herein were in violation of Plaintiff's rights under the ADA and the regulations promulgated thereunder, 28 C.F.R. Part 36 *et seq*.

54.     The removal of each of the physical barriers complained of by Plaintiffs as hereinabove alleged, were at all times herein mentioned "readily achievable" under the standards of sections 12181 and 12182 of the ADA.  As noted hereinabove, removal of each and every one of the architectural and/or policy barriers complained of herein were already required under California law.  Further, on information and belief, alterations, structural repairs, or additions since January 26, 1993, have also independently triggered requirements for removal of barriers to access for disabled persons per section 12183 of the ADA.  In the event that removal of any barrier is found to be "not readily achievable," Defendants, still violated the ADA, per section 12182(b)(2)(A)(v) by failing to provide all goods, services, privileges, advantages, and accommodations through alternative methods that were "readily achievable."

55.     The ability to stay in accessible hotel room is a fundamental necessity of accessing and using a resort or hotel. Therefore, the benefits of creating a fully compliant and accessible guest room suitable for a family does not exceed the costs of readily achievable barrier removal. These costs are fundamental to doing business, like any other essential function of operating a resort, such as the costs of as ensuring fire safety.  It is thus readily achievable to remove these barriers

56.     On information and belief, as of the date of Plaintiff's encounters at the premises and as of the filing of this Complaint, Defendants' actions, policies, and physical premises have denied and continue to deny full and equal access to Plaintiff and to other mobility disabled persons in other respects, which violate Plaintiff's right to full and equal access and which have discriminated and continue to discriminate against Plaintiff on the basis of her disabilities, thus wrongfully denying to Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations, in violation of 42 U.S.C. sections 12182 and 12183 of the ADA.

57.     Defendants' actions continue to deny Plaintiff's rights to full and equal access by deterring Plaintiff from patronizing the Comfort Suites and discriminated and continue to discriminate against her on the basis of her disabilities, thus wrongfully denying to Plaintiff the full and equal enjoyment of Defendants' goods, services, facilities, privileges, advantages and accommodations, in violation of section 12182 of the ADA.  42 U.S.C. § 12182.

58.     Pursuant to the Americans with Disabilities Act, 42 U.S.C. sections 12188 *et seq.*, Plaintiff ANITA MONTOYA is entitled to the remedies and procedures set forth in section 204(a) of the Civil Rights Act of 1964, 42 USC 2000(a)-3(a), as Plaintiff is being subjected to discrimination on the basis of her disabilities in violation of this title or has reasonable grounds for believing that she is about to be subjected to discrimination in violation of sections 12182 and 12183.  On information and belief, Defendants have continued to violate the law and deny the rights of Plaintiff and other disabled persons to "full and equal" access to this public accommodation since on or before Plaintiff's encounters.  Pursuant to section 12188(a)(2)

> [i]n cases of violations of § 12182(b)(2)(A)(iv) and § 12183(a)... injunctive relief shall include an <u>order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities</u> to the extent required by this title.  Where appropriate, injunctive relief shall also include requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods, to the extent required by this title. [Emphasis added.]

59.     Plaintiff seeks relief pursuant to remedies set forth in section 204(a) of the Civil Rights Act of 1964 (42 USC 2000(a)-3(a)), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990.  Plaintiff ANITA MONTOYA is a

qualified disabled person for purposes of section 12188(a) of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing she will be subjected to such discrimination each time that she may use the property and premises, or attempt to patronize the Comfort Suites, in light of Defendants' policies and physical premises barriers.

WHEREFORE, Plaintiff requests relief as outlined below.

## PRAYER

Plaintiff has no adequate remedy at law to redress the wrongs suffered as set forth in this Complaint. Plaintiff has suffered and will continue to suffer irreparable injury as a result of the unlawful acts, omissions, policies, and practices of the Defendants as alleged herein, unless Plaintiff is granted the relief she requests. Plaintiff and Defendants have an actual controversy and opposing legal positions as to Defendants' violations of the laws of the United States and the State of California. The need for relief is critical because the rights at issue are paramount under the laws of the United States and the State of California.

WHEREFORE, Plaintiff ANITA MONTOYA prays for judgment and the following specific relief against Defendants:

1.      Issue a preliminary and permanent injunction directing Defendants as current owners, operators, lessors, and/or lessees of the subject property and premises to modify the above described property, premises, policies and related facilities to provide full and equal access to all persons, including persons with physical disabilities; and issue a preliminary and permanent injunction pursuant to ADA section 12188(a) and state law directing Defendants to provide facilities usable by Plaintiff and similarly situated persons with disabilities, and which provide full and equal access, as required by law, and to maintain such accessible facilities once they are provided; to cease any discriminatory policies, including misrepresenting that inaccessible facilities are in fact "accessible" and to train Defendants' employees and agents in how to recognize disabled persons and accommodate their rights and needs;

2.      Retain jurisdiction over the Defendants until such time as the Court is satisfied that Defendants' unlawful policies, practices, acts and omissions, and maintenance of physically

1  inaccessible public facilities and policies as complained of herein no longer occur, and cannot

2  recur;

3       3.     Award to Plaintiff all appropriate damages, including but not limited to statutory

4  damages, general damages, and treble damages in amounts within the jurisdiction of the Court, all

5  according to proof;

6       4.     Award to Plaintiff all reasonable statutory attorney fees, litigation expenses, and

7  costs of this proceeding as provided by law;

8       5.     Grant such other and further relief as this Court may deem just and proper.

9  Date: February 14, 2022          REIN & CLEFTON

10

11                      */s/ Aaron M. Clefton*
                       By AARON M. CLEFTON, Esq.

12                      Attorneys for Plaintiff
                       ANITA MONTOYA

13

14  **JURY DEMAND**

15       Plaintiff hereby demands a trial by jury for all claims for which a jury is permitted.

16  Date: February 14, 2022          REIN & CLEFTON

17

18                      */s/ Aaron M. Clefton*
                       By AARON M. CLEFTON, Esq.

19                      Attorneys for Plaintiff

20                      ANITA MONTOYA

21

22

23

24

25

26

27

28

19