UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | EDCV 22-279 JGB (KKx) | Date | January 25, 2023 |
|---|---|---|---|
| Title | Anita Montoya v. AMML Corporation, et al. | | |

| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |
|---|---|

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   Order to Show Cause re Failure to Prosecute (IN CHAMBERS)

On August 31, 2022, pursuant to the parties' stipulation, the Court set aside the default entered against Defendants. ("Order," Dkt. No. 19.) The Court ordered Defendants to file a responsive pleading within twenty-one days after the entry of the Order. They have not done so.

Federal Rule of Civil Procedure 41(b) grants the Court authority to sua sponte dismiss actions for failure to prosecute or failure to comply with court orders. See Fed. R. Civ. P. 41(b); Wolff v. California, 318 F.R.D. 627, 630 (C.D. Cal. 2016). A plaintiff must prosecute her case with "reasonable diligence" to avoid dismissal pursuant to Rule 41(b). Anderson v. Air W., Inc., 542 F.2d 522, 524 (9th Cir. 1976). Here, it appears that Plaintiff has failed to prosecute the case with reasonable diligence because their case has laid dormant for more than half a year.

Accordingly, the Court orders Plaintiff to show cause in writing no later than **February 3, 2023**, why this action should not be dismissed for failure to prosecute.

**IT IS SO ORDERED.**